CAMPFIELD, Petitioner, v. ALVIS et, Respondent.

Ohio Appeals, Second District, Franklin County.

No. 4264. Decided November 29, 1949.

Cecile J. Shapiro, Columbus, for petitioner.
Hon. Herbert S. Duffy, Atty. Genl., Alan E. Schwarzwalder, Assist. Atty. Genl., Columbus, for respondent.

## OPINION

By THE COURT.

This is an action seeking a writ of habeas corpus. The petitioner alleges that he is being held in the Ohio Penitentiary under a sentence of one to fifteen years, which was imposed upon him on March 22, 1934, by the Court of Common Pleas for Gallia County, Ohio, and that he is being unlawfully detained under this sentence.

The record discloses that the respondent has filed a return writ in which he states that he has the petitioner in his custody and has had since October 24, 1947, by virtue of a certain mittimus issued by the Court of Common Pleas of Lawrence County, Ohio. As the return of the writ discloses that the petitioner is not being detained as alleged in the petition there is no justiciable question at issue. The record discloses that the petitioner is being detained upon the sentence imposed by the Court of Common Pleas of Lawrence County, Ohio.

The application will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## APPEAL ON QUESTIONS OF LAW

No. 4345. Decided November 29, 1949.

By HORNBECK, J.

This is an appeal on questions of law from an order of the Common Pleas Judge denying a writ of habeas corpus to the relator.

Five errors are assigned.

The record consists merely of statements of counsel. There is no testimony and although it is stated in the Judge's opinion that by agreement communication was had with the Prosecuting Attorney of Lawrence County, this is not brought onto the record.

The case seems to have been decided upon the motion of counsel for respondent for a judgment upon the opening statement of counsel for relator. In this Court it is urged that the indictment does not state an offense but we cannot find that this was made the subject of consideration or claim in the trial court and is not brought onto the record in any way. There are some statements to effect that the indictment had at no time been served upon the defendant until the day of his trial although he had requested many times that a copy be served upon him. It also appears, incidentally, that he was represented by counsel. In view of the many uncertainties in this record and because the obligation of making proof of his right to the writ was upon the relator we cannot say that the trial judge committed prejudicial error in dismissing the relator's petition.

Some contention is made that there was a denial to the relator of his rights under Article VI of the Federal Constitution and **Article I, Section 10 of the Ohio Constitution.** It will be noted that there is a difference in the language of the Sixth Amendment to the Federal Constitution and **Article I, Section 10 of the Ohio Constitution** in that the former provides that the accused must have a copy of the indictment in ample time to enable him to prepare for trial, whereas our Constitution merely provides that the accused may demand the nature and the cause of the accusation against him and have a copy thereof. Inasmuch as it appears that defendant had counsel and may have been represented for a considerable period of time prior to his trial, it must be presumed that counsel would have had full opportunity and means of securing a copy of the indictment. If the relator had been more specific and if it had appeared that neither the defendant nor his counsel could secure copy of the indictment prior to trial, although requested, we would have a different question.

Although there is suggestion that the relator may have had ground to support the relief sought, if developed, the record is so scanty and so unsatisfactory that we cannot say that any of the errors assigned is established. The judgment must be affirmed.

MILLER, PJ, and WISEMAN, J, concur.